Eastern District of Kentucky
FILED

MAY 07 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**UNITED STATES OF AMERICA**

V.

**INDICTMENT NO.** 26-53-REW-MAS

**KENNETH HERNON**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 18 U.S.C. § 2251(a)

On or about June 14, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### KENNETH HERNON

employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, knowing and having reason to know that such visual depictions would be produced or transmitted using materials that had been mailed, shipped, or transmitted in or affecting interstate or foreign commerce by any means, including by computer, all in violation of 18 U.S.C. § 2251(a).

### COUNT 2
### 18 U.S.C. § 2423(b)

On or about June 13, 2025, and continuing through June 14, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KENNETH HERNON**

did travel in interstate commerce for the purpose of engaging in an any illicit sexual conduct, as defined in Title 18, United States Code, Sections 2423(g), all in violation of 18 U.S.C. § 2423(b).

**COUNT 3**
**18 U.S.C. § 2422(b)**

In or about June 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KENNETH HERNON,**

using a facility or means of interstate or foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, that is, Rape in the 3rd Degree under KRS § 510.060; Sodomy in the 3rd Degree under KRS § 510.090; and Use of a Minor in a Sexual Performance under KRS § 531.310, all in violation of 18 U.S.C. § 2422(b).

**FORFEITURE ALLEGATION**

1.    By virtue of the commission of the offense alleged in Count 1 of the Indictment, **KENNETH HERNON** shall forfeit to the United States any and all interest that he/she/they has/have in any visual depiction, or matter containing such visual depiction, that was produced, transported, mailed, shipped, or received as part of the violation of 18 U.S.C. § 2251; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the violation of 18 U.S.C. § 2251; and any property, real or

personal, used or intending to be used in the commission or promotion of the violation of 18 U.S.C. § 2251 or traceable to such property. Any and all interest that **KENNETH HERNON** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2253.

2.    By virtue of the commission of the offenses alleged in Counts 2 and 3 of this Indictment, **KENNETH HERNON** shall forfeit to the United States any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violations of 18 U.S.C. §§ 2423(b) and 2422(b), and any property, real or personal, constituting or derived from proceeds obtained as a result of such violations. Any and all interest that **KENNETH HERNON** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 2428.

3.    If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

ERIN M. ROTH
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:** Not less than 15 years nor more than 30 years imprisonment, not more than a $250,000 fine, and not less than 5 years nor more than a lifetime term of supervised release.

**COUNT 2:** Not more than 30 years imprisonment, not more than a $250,000 fine, and not less than 5 years nor more than lifetime supervised release.

**COUNT 3:** Imprisonment for not less than 10 years nor more than life, fine of not more than $250,000, and supervised release for not less than 5 years nor more than life.

**PLUS:** Mandatory special assessment of $100 per count.

A mandatory special assessment of $5,000, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110.

Pursuant to 18 U.S.C. §2259A, per count of no more than:

(1) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

**PLUS:** Restitution, if applicable.